**STANDING ORDER REGARDING PROCEDURES FOR**

**IMMIGRATION-RELATED HABEAS PETITIONS**

**ASSIGNED TO JUDGE BROWN**

**(Form Issued February 19, 2026)**

Given the rapid increase in the filing of petitions challenging arrest and detention by United States Immigration and Customs Enforcement ("ICE"), the Court has implemented these procedures to reduce the burdens on petitioners, the Court and the Government, while protecting the rights of parties.  Upon the assignment of an immigration-related habeas corpus petition to Judge Gary R. Brown, a copy of this standing order will be filed in the case and served upon the parties electronically.

**A. Order Concerning Transfer of Petitioner**

1. To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from the United States unless and until the Court orders otherwise.[1]

2. In light of Petitioner's interests in participating in further proceedings before this Court and in maintaining adequate access to legal counsel through these proceedings, it is ORDERED that Petitioner shall not be transferred except to a facility within this District, the Southern District of New York, or the District of New Jersey absent further order of this Court.[2]

**B. Bail Determination**

In lieu of an emergency bail hearing, **the Government shall, within 12 hours of the filing of this Order, file a letter SHOWING CAUSE, if any it has, as to whether it has any**

---

[1] *See, e.g., Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.,* 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction").
[2] *See Ozturk v. Trump*, No. 25-cv-374, 2025 WL 1145250, at *15 (D. Vt. Apr. 18, 2025) (ordering petitioner's transfer from Louisiana to Vermont due, in part, to her pending habeas petition), *stay and mandamus denied*, *Ozturk v. Hyde*, 136 F.4th 382, 403 (2d Cir. 2025); *Westley v. Harper*, No. 25-cv-229, ECF No. 7 (E.D. La. Feb. 2, 2025) (restraining respondents "from (a) attempting to remove petitioner from the jurisdiction of the United States District Court for the Eastern District of Louisiana to any location outside [the] district, and (b) removing petitioner from the United States"); *Sillah v. Barr*, No. 19-cv-1747, ECF No. 6 (S.D.N.Y. Feb. 25, 2019) (enjoining respondents from transferring defendant outside of the New York City area while defendant's habeas petition was pending); *Campbell v. U.S. Immigr. & Customs Enf't,* No. 20-cv-22999, ECF No. 13 (S.D. Fl. July 26, 2020) (granting a stay of petitioner's transfer and prohibiting respondent "from transferring Petitioner to another detention facility during the pendency of the stay"); 28 U.S.C. § 1651(a) (empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

*particularized* **reason to believe that Petitioner presents a danger to the community, a flight risk, or otherwise should be detained because of involvement with illegal narcotics, violence, criminal history, firearms, gang affiliation and the like.** If the Government has no such information particular to Petitioner, in light of the extraordinary situation created by the recent swell in immigration enforcement and the concomitant problems arising from mass detentions,[3] the Court will enter an order releasing Petitioner on his or her own recognizance pending resolution of the petition, subject to the terms and conditions contained in the Conditions of Release Upon Recognizance, attached hereto as Attachment A. ICE shall release Petitioner forthwith upon entrance of the Order, return all of Petitioner's property (including identification cards) and shall not subject Petitioner to additional conditions of release, including through the issuance of an ICE Form I-220A or enrollment in the ATD program. **Counsel for Petitioner will, within 48 hours of Petitioner's release, file a copy of the Conditions of Release Upon Recognizance executed by Petitioner (including, if appropriate, a certification that it was translated for the Petitioner).**

Notwithstanding these procedures, any party may request a bail hearing, which the Court will schedule as soon as possible.

### Resolution of the Petition on the Merits

Following the Court's determination concerning detention or release, the Government will have 30 days to file legal and factual substantive opposition to the petition, which should include the factual bases for Petitioner's arrest. Counsel for Petitioner will have 30 days thereafter to file its reply. Any party may request a factual hearing pursuant to 28 U.S.C. § 2243; and declination to do so will be deemed consent to review of the matter upon submission. The Court will consider and resolve the remaining issues.

### Service

The filing of this Order by the Clerk via ECF shall be deemed good and sufficient service on all parties. An attorney of the United States Attorney's Office should be appointed forthwith to ensure compliance with the Court's orders contained herein.

**SO ORDERED.**
/s/ Gary R. Brown
GARY R. BROWN
United States District Judge

---

[3] *Clarke v. U.S. Dep't of Homeland Sec.*, No. 25-CV-6773 (GRB), 2025 WL 3674471, at *1 (E.D.N.Y. Dec. 18, 2025) (discussing authority for bail release including conditions of confinement at Central Islip Holding Room); *United States v. Colucci*, 743 F. Supp. 3d 452 (E.D.N.Y. 2024) (overcrowding and conditions at MDC).

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

_____ , **Petitioner**          Case No.

v. _____ , **Respondents**

## CONDITIONS OF RELEASE UPON RECOGNIZANCE

The above-named petitioner has been released subject to the Conditions of Release below and upon **Personal Recognizance** on the petitioner's commitment to appear at all scheduled proceedings as required and upon the following:

The petitioner's release is subject to the following conditions, which the Court has found are the least restrictive conditions necessary to reasonably assure the appearance of the petitioner as required and the safety of any other person and the community:

(1)     The petitioner must appear in court and for immigration proceedings as required.

(2)     The petitioner must not commit a federal, state or local crime while on release.

(3)     The petitioner must advise the Court in writing before making any change in residence or telephone number.

(4)     The petitioner must not possess a firearm, destructive device or other dangerous weapon.

(5)     The petitioner must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.  Marijuana is still prohibited under federal law.

## RELEASE OF THE BOND

The release order may be terminated at any time by the Court.  This undertaking will be deemed satisfied when the Petition is resolved.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE PETITIONER – YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, and a prosecution for contempt of court and  could result in imprisonment, a fine, or both.

## ACKNOWLEDGMENT OF THE PETITIONER

I acknowledge that I am the petitioner in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release and to appear as directed.  I am aware of the penalties and sanctions set forth above.

**Translated by:** _____          _____

_Petitioner's Signature_

**Date:** _____