**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*
May 8, 2026

Honorable Gary R. Brown
United States District Judge
Eastern District of New York
940 Federal Plaza
Central Islip, New York 11722

Re: *Tixi Tocachi v. Lyons, et al.,* No. 26-cv-1139 (Brown, J.)

Dear Judge Brown:

This Office represents Respondents Todd Lyons, in his capacity as Field Office Director for U.S. Immigration and Customs Enforcement ("ICE") in New York; Markwayne Mullin,[1] in his capacity as Secretary of the Department of Homeland Security; and Todd Blanche, [2] in his capacity as Acting Attorney General of the United States (collectively, "Respondents") in the above-referenced habeas corpus matter. Respondents respectfully submit this letter in response to the petition for a writ of habeas corpus (the "Petition") filed by Petitioner Luis Alejandro Tixi Tocachi ("Petitioner") on February 27, 2026. (Dkt. # 1). The primary legal issues presented by this action concern whether Petitioner's detention by ICE is governed by 8 U.S.C. § 1225 or 8 U.S.C. § 1226; whether ICE complied with its own regulations in effecting Petitioner's arrest; and whether Petitioner's detention comports with Fifth Amendment Due Process.

<u>Statement of Relevant Facts</u>

On or about April 28, 2019, Petitioner, a native and citizen of Ecuador, entered the United States by crossing the border between Mexico and Arizona without admission or parole and without being inspected by an immigration officer. *See* Declaration of ICE Supervisory Detention and Deportation Officer ("SDDO") Khristopher Dawson, dated May 1, 2026 ("Dawson Decl."), submitted herewith, at ¶¶ 3-4. On April 28, 2019, Petitioner was encountered by U.S. Customs and Border Protection ("CBP"), who determined that he had entered the United States without authorization and placed him under arrest. *Id.* at ¶ 4; Exhibit A to Dawson Decl. (Form I-200 Warrant issued April 28, 2019, and served upon Petitioner on May 1, 2019 ("2019 Warrant")). On

---

[1] Under Fed. R. Civ. P. 25(d), the successor of a party who is a public official is automatically substituted as the party to the suit. Therefore, Markwayne Mullin has been substituted for former Secretary Kristi Noem.

[2] Pursuant to Fed. R. Civ. P. 25(d), Todd Blanche has been substituted for former Attorney General Pamela Bondi.

May 1, 2019, CBP found Petitioner inadmissible and issued him a Notice to Appear ("NTA") in immigration court. *Id.* at ¶ 5; Exhibit B to Dawson Decl. (NTA issued May 1, 2019, and served on Petitioner that day) ("2019 NTA"). The 2019 NTA was filed with the Executive Office of Immigration Review ("EOIR"); the filing of the 2019 NTA had the effect of placing Petitioner into removal proceedings. *See id.* at ¶¶ 5, 12.

As Petitioner was age 17 on May 1, 2019, and he stated that he was traveling by himself and did not have a parent or legal guardian living in the United States, CBP considered him to be an Unaccompanied Alien Child ("UAC"), pursuant to 6 U.S.C. § 279(g)(2). Dawson Decl. at ¶¶ 7-9. Accordingly, Petitioner was referred to the Department of Health and Human Services ("HHS"), pursuant to 8 U.S.C. § 1232(b)(3), and placed in the custody of the Office of Refugee Resettlement ("ORR"), pursuant to 8 U.S.C. § 1232(b)(3). Dawson Decl. at ¶ 10. On June 19, 2019, Petitioner was released into the custody of a verified unrelated sponsor, in New York. *Id.* at ¶ 11.

Petitioner, accompanied by counsel, appeared before the New York immigration court on December 5, 2019, and filed applications for relief from removal. *Id.* at ¶ 12. On May 9, 2022, ICE moved to dismiss the immigration proceedings against Petitioner without prejudice, and on May 10, 2022, an immigration judge issued an Order dismissing the 2019 NTA. *Id.* at ¶¶ 13-14; Exhibit C to Dawson Decl. (Order of the Immigration Judge entered on May 10, 2022).

On February 26, 2026, the Long Island Fugitive Operations team of ICE Enforcement and Removal Operations ("ERO") was conducting surveillance in a public parking lot in Deer Park, New York. Dawson Decl. at ¶ 15. The officers observed a parked vehicle, checked databases available to them, found that the vehicle was registered to Petitioner, and determined that Petitioner was illegally present in the United States without status. *Id.* at ¶ 15. ICE issued a Form I-200 Warrant for Petitioner's arrest. Id.; Exhibit D to Dawson Decl. (Form I-200 Warrant issued to Petitioner on February 26, 2026, at 10:44 a.m.) ("2026 Warrant"). Using information regarding Petitioner's physical description that was available to them in databases, the officers approached an individual, identified themselves as ICE officers, and asked him for identification. Dawson Decl. at ¶ 16. The individual produced his Ecuadorian cedula, which confirmed that he was the individual for whom the warrant had been issued. *Id.* The officers showed Petitioner the 2026 Warrant and placed him under arrest. *Id.* at ¶ 17. The officers transported Petitioner to the ICE office at 535 Federal Plaza in Central Islip for processing and served him with the 2026 Warrant after he arrived. *Id.* at ¶¶ 18-19.

Also on February 26, 2026, ICE issued Petitioner an NTA ("2026 NTA"), which charged him as inadmissible. *Id.* at ¶¶ 20-21; Exhibit E to Dawson Decl. (2026 NTA). ICE served Petitioner with the 2026 NTA during processing, and ICE filed the NTA with EOIR, placing Petitioner in removal proceedings. Dawson Decl. at ¶¶ 22-23, 27-30.

On February 28, 2026, Your Honor entered an Electronic Order directing that Petitioner be released from ICE custody. *Id.* at ¶ 26. Pursuant to that Order, Petitioner was released on March 1, 2026, with no monitoring requirements or other conditions of release.[3] *Id.* at ¶ 27.

Argument

Detention Authority

With respect to the issue of whether Petitioner's detention was effectuated pursuant to 8 U.S.C. § 1225(b)(2)(A) or § 1226(a), Respondents note that *Da Cunha v. Freden*, 25-3141-pr (2d Cir. Apr. 28, 2026) held that 8 U.S.C. § 1225(b)(2)(A) does not apply to aliens who are present in the United States after entering the country without inspection and admission, and who were not apprehended at or near the border at the time of entry; rather, the Second Circuit ruled, 8 U.S.C. § 1226(a) applies.[4] Petitioner here, however, unlike Da Cunha, was apprehended at or near the border at the time of his entry into the United States. Dawson Decl. at ¶ 4; Exh. A to Dawson Decl.

In any event, Respondents respectfully note that Your Honor's prior jurisprudence would, regardless of *Da Cunha*, find that Section 1226(a) rather than 1225(b)(2)(A) is the applicable detention authority. *See Garcia Lanza v. Noem*, No. 26-cv-0029, --- F. Supp. 3d ---, 2026 WL 585130 (E.D.N.Y. Mar. 3, 2026) (Brown, J.); *Alfaro v. Mullin*, No. 26-cv-0766, 2026 WL 734348 (E.D.N.Y. Mar. 16, 2026) (Brown, J.); *Flores v. Mullin*, No. 26-cv-1855, 2026 WL 948298 (E.D.N.Y. Apr. 8, 2026) (Brown, J.); *Clarke v. U.S. Dep't of Homeland Security*, 2025 WL 3674471, at * 8 (E.D.N.Y. Dec. 18, 2025) (Brown, J.); *see also Gopie v. Lyons,* 2025 WL 3167130 (E.D.N.Y. November 13, 2025) (Bulsara, J.) (cited favorably in *Clarke*); *Rodriguez-Acurio v. Noem*, 2025 WL 3314420 (E.D.N.Y. November 28, 2025) (Choudhury, J.) (cited favorably in *Alfaro*).

While Respondents respectfully disagree with the Court's assessment of the § 1225/§ 1226 issue, they acknowledge that, in view of that assessment, Respondents cannot prevail in this action. Further, since the Court in *Garcia Lanza* and *Clarke* questioned the timing of the issuance of an arrest warrant and the NTA occurring after the arrest as an additional ground for granting the writ, Respondents acknowledge that they cannot prevail for that additional reason.[5] *Garcia Lanza*, 2026 WL 585130, at * 10 (citing *Gopie*); *Clarke*, 2026 WL 3674471, at * 2 n. 6 (citing *Gopie*).

---

[3] Your Honor has also ordered that Petitioner not be removed from the United States pending the Court's further Order. Standing Order Regarding Procedures for Immigration-Related habeas Petitions Assigned to Judge Brown, entered on February 28, 2026 (Dkt. # 5). ICE will comply with this Order as well but, even absent such Order, Respondents respectfully note that there is no administratively final order of removal for Petitioner.

[4] The Government is still evaluating its next steps in *Da Cunha*, which is controlling in the Second Circuit. For purposes of a potential future appeal in the event the decision in *Da Cunha* is vacated, stayed, or overruled, Respondents respectfully preserve their arguments that Section 1225(b)(2)(A) applies.

[5] Additionally, on April 21, 2023, U.S. Citizenship and Immigration Services ("USCIS") granted Petitioner's I-360 Petition for Amerasian, Widower, or Special Immigrant, classifying him

To conserve judicial resources and to expedite the Court's consideration of this case, the Government respectfully adopts its previous arguments in *Garcia Lanza*, *Alfaro, Flores and Clarke,* and submits that the Court can decide this matter without further briefing or additional hearings. However, should the Court prefer to receive a memorandum of law in this matter, Respondents will file such a brief upon the Court's request. Notwithstanding their submission of this letter in lieu of a formal brief, Respondents reserve all rights, including the right to appeal.

Thank you for Your Honor's consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: */s/ Mary M. Dickman*
MARY M. DICKMAN
Assistant U.S. Attorney
(631) 715-7863
mary.dickman@usdoj.gov

cc: (VIA ECF)

Reuben S. Kerben, Esq.
Counsel for Petitioner

---

as a "Special Immigrant Juvenile" ("SIJ") (Petition at ¶ 5; Exhibit A to Petition (Dkt. # 1-3)), and USCIS granted him application for Employment Authorization ("EAD") for the period beginning on March 18, 2024 (Petition at ¶ 6; Exhibit B to Petition (Dkt. # 1-4)). Although the Petition does not allege that the issuance of these documents gave him immunity from detention or from being placed in removal proceedings, in both *Garcia Lanza* and *Alfaro*, Your Honor found that classification as an SIJ and issuance of an EAD meant that he could not lawfully be arrested and detained by ICE in the absence of changed circumstances or without notice and the opportunity to be heard. *Garcia Lanza*, 2026 WL 585130, at * 4-5; *Alfaro*, 2026 WL 734348, at * 5. Respondents respectfully disagree with these aspects of the *Garcia Lanza* and *Alfaro* decisions, as well as the Court's determination with respect to the § 1225/§ 1226 issue and the question of the timing of the issuance of an arrest warrant and an NTA.